W. B. FLESH & BROS., PLAINTIFFS AND APPELLEES, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2245.—Decided June 28, 1920.

OBLIGATION — CONDITIONAL OBLIGATION. — A promissory note in which the maker promised to pay to the creditor $500 on the last day of December, 1918, contained the following clause: " * * * It being understood that this obligation is a settlement of the aforesaid debt and, as is natural, cancels the said obligation, which will be returned by them as soon as possible. * * * " *Held:* That this is not a conditional but an absolute obligation and its fulfilment by the debtor did not depend upon the return by the creditor of the note containing the obligation settled, but upon the arrival of the date of maturity.

ID.—DEFAULT JUDGMENT—INTEREST.—It being alleged in a complaint in an action of debt that at the maturity of the obligation payment was demanded of the debtor who paid no part of it, a default judgment against the debtor for the payment of the legal interest claimed from the maturity of the obligation is not erroneous.

The facts are stated in the opinion.

*Mr. P. González García* for the appellant.

*Mr. V. M. Fernández* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

William B. Flesh & Bros. brought an action in the District Court of San Juan, Section 1, on May 14, 1919, against Julio César González to recover the sum of $500 which he had promised to pay them on the last day of December, 1918. It is alleged in the complaint that at the maturity of the obligation payment was demanded of the obligor, but he did not pay it in whole or in part. The document witnessing the obligation is copied into the complaint and reads as follows:

"For $500.00.—I promise to pay to the order of Messrs. William B. Flesh & Brother on the last day of the month of December of the present year, without interest, the sum of five hundred dollars which I owe them by reason of a settlement which I have made with them for the said sum of an obligation for the sum of one thousand and eighty-four dollars, more or less, entered into by my brother Alberto E. González in favor of the said partnership and signed by me as surety. It is understood that this obligation is a settlement of the aforesaid debt and, as is natural, cancels the said obligation, which will be returned by them as soon as possible. I submit to the jurisdiction of the insular courts of this city and bind myself to pay all expenses and costs incurred in the collection of said sum, including the fees of the attorney whom the said partnership may engage for collecting their claim.—San Juan, P. R., June 5, 1918.—(Signed) Julio César González.—Register No. 388.—Signed before me by Julio César González, of age, a notary public and a resident of this city, whom I know, this fifth day of June nineteen hundred eighteen.—(Signed) Eduardo López Tizol.—(Seal)."

A default judgment having been entered by the clerk against the defendant for the sum of $500, with interest

thereon from January 1, 1919, until fully paid, and the costs, the defendant appealed therefrom and in support of his appeal alleges that his obligation is conditional and therefore not actionable until the delivery to him of the document which became canceled thereby; also, that he is not under the obligation to pay interest from January 1, 1919.

In order to dispose of the first question it will be sufficient to observe that the document witnessing the obligation of the defendant shows that the appellant agreed to pay to the appellees on the last day of December, 1918, the sum of $500 in settlement of another obligation in favor of the appellees for a larger sum which he had signed as surety, which obligation became canceled and was to be returned to him by the obligees "as soon as possible." From the wording of the document it appears that the obligation contracted by the appellant was an absolute obligation to pay on a future day, for its performance did not depend upon the fact that the creditors should return the promissory note witnessing the compromised obligation, but only upon the arrival of the last day of December, 1918. The fact that the original note was to be returned "as soon as possible" without specifying that it must be delivered before the date of maturity of the debt, can not be considered as a condition suspending the obligation and to be complied with before the debt could be sued for.

As to the matter of the interest claimed from the maturity of the obligation, we find that the judgment below is in that respect also in accordance with the law, for, according to section 1067 of the Civil Code, persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfillment of their obligation, judicially or extrajudicially, and in this case the complaint alleges that at the maturity of the obligation payment was demanded of the defendant; and such default, under section 1075 of the same code, consists, in the absence of an agreement, in the

payment of the legal interest when the obligation is one to pay a sum of money.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.